NICHOLS vs. ALSOP.

Where a case turns on a mere question of fact, and the evidence does not support the defence, judgment for the plaintiff will be affirmed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

---

## NICHOLS vs. ALSOP.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

Where the justice of the case is strongly in favor of the plaintiff, but owing to a defect in the pleadings there is a verdict against him, the court might, in the exercise of its discretion, grant a new trial, to enable him to correct the errors of his attorney, by amending the petition.

The Supreme Court will remand a case for a new trial, when this can be done with propriety, and is required, in order that the ends of justice be attained.

This is an action to recover back the price of a slave, and a sum for expenses incurred in consequence of his unsoundness.

The petitioner alleges she purchased a slave from the defendant, for the sum of three hundred and fifty dollars, with full warranty, and that he has proved to be unsound and worthless. That she has expended a considerable amount for medical aid and attendance, all of which has

WESTERN DIST. proved unavailing.  He is entirely valueless, having ren-
October, 1836. dered no services since the sale, and is incurable.  She prays
NICHOLS judgment for the sum of three hundred and fifty dollars, the
vs. price she originally paid, and for one hundred and fifty-five
ALSOP. dollars, in damages, as a remuneration for expenses and loss
sustained, &c.

The defendant pleaded the general issue : and upon these
pleadings and issues the parties went to trial.  The cause
was submitted to a jury.  The evidence showed that the
slave named in the petition was affected with epilepsy, at
the time of the sale, and never rendered any services.  That
the medical bill in attempting his cure, amounted to seventy-
five dollars, and the other attendance on him worth fifteen
dollars per month.  The price paid for him was three hundred
and fifty dollars.

It appeared there was no tender of the slave made to the
defendant.  The judge charged the jury "that the plaintiff
could not recover, because the petition contained no prayer
for a rescission of the sale."  This charge was excepted to
by the counsel for the plaintiff.

The jury returned a verdict for the defendant.  From
judgment rendered thereon, the plaintiff appealed.

*Dunbar*, for the plaintiff, observed that the transcript had
been sent to him from Concordia, and he knew nothing of
the case but what appeared on the face of the record.

2.  It appeared to him, that the court erred in the
instructions given to the jury ; for the party had a right to
institute an action for the reduction of the price, and for
damages, without claiming a rescission of the sale.  *Louisiana
Code, article* 2519 to 2522.

3.  The judgment should be reversed, and if the court is
unable to render a final one, the case should be remanded.
No counsel appeared for the defendant.

*Martin, J.,* delivered the opinion of the court.

The plaintiff is appellant from a judgment rendered against
her, in a redhibitory action, on the sale of a slave, afflicted

with epilepsy. The statement of facts made by the counsel of the parties, shows the existence of the disease at the time of the sale. That the plaintiff was at great cost and expense in attempting to cure the slave, and in other respects suffered great damages by his protracted illness. We do not recollect a stronger case on the merits presented for our consideration.

The defendant had a verdict in consequence of the judge instructing the jury, that the plaintiff could not recover, because she had not prayed for a rescission of the sale in her petition. It also appears from the statement of facts, that the defendant reserved his objections to the competency of the testimony, because no tender of the slave had been made. A new trial was prayed for and refused.

The justice of the case is so strongly in favor of the appellant, that it appears to us, the district judge might have, *ex-officio*, granted a new trial, in order to afford the plaintiff an opportunity of amending her petition; and to prevent her from being the victim of an oversight of her attorney. We do not remember a case in which, with greater propriety this court may exercise the powers conferred on it, to remand, when this is required, in order that justice be attained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled, avoided and reversed; the verdict set aside, and the case remanded for new proceedings, according to law; the defendant and appellee paying the costs of the appeal.

WESTERN DIST.
*October*, 1836.

NICHOLS
*vs.*
ALSOP.

Where the justice of the case is strongly in favor of the plaintiff, but, owing to a defect in the pleadings, there is a verdict against him, the court might, in the exercise of its discretion, grant a new trial, to enable him to correct the errors of his attorney, by amending the petition.

The Supreme Court will remand a case for a new trial, when this can be done with propriety, and is required in order that the ends of justice be attained.