### No. ——

### First Circuit Appeal

---

## PHILIP DARCE v. ONE FORD AUTO-MOBILE

### John W. Lunday, Intervenor and Third Opponent.

---

(May 5, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

**1. Louisiana Digest—Mechanic's Privileges —Par. 6.**

The lien referred to in Act 82 of 1916, which has reference to liens for repairs done to an automobile by operators of a garage, does not apply where the work was done at the instance of one who had no authority of the owner to order it Therefore, the prescription of 90 days stated in the acts does not apply.

**2. Louisiana Digest—Mechanic's Privileges Par. 6.**

In this case an automobile was stolen and repairs were made on it by a garage at the request of the thief. The garage man cannot recover from the owner for these repairs because he was not employed by the owner. He has no privilege on the automobile.

**3. Louisiana Digest—Quasi-Contracts—Par. 5.**

Wherever a garage makes repairs to an automobile at the request of the thief of the automobile, he cannot recover from the owner, under a quantum meruit, under Article 2295 of the Civil Code because he has not undertaken to manage the affairs of the owner.

**4. Louisiana Digest—Quasi-Contracts—Par. 5.**

Where a garage made repairs to an automobile at the request of a thief of the automobile, he cannot recover from the owner for a quasi contract under Article 2299 of the Civil Code.

Appeal from Lafayette Parish, Hon. Wm. Campbell, Judge.

This is a suit to recover the cost of repairs to an automobile at the request of a thief of the automobile. The suit was filed against the automobile which was seized and the owner intervened.

There was judgment denying the privilege of the garage on the car and rejecting the demand for a personal judgment against the owner.

Plaintiff appealed.

Judgment affirmed.

John L. Kennedy, of Lafayette, attorney for plaintiff, appellant.

Voorhies & Labbe, of Lafayette, attorneys for defendant, appellee.

MOUTON, J. A Ford auto was placed for repairs in the garage of the plaintiff in the town of Rayne, by a person unknown to plaintiff. Broken parts were supplied to the auto which was damaged, and the repairs were made thereto as had been requested of the plaintiff by this unknown individual. These repairs were made by plaintiff in the month of February, 1924, as appears from the allegations of plaintiff's petition, and by testimonial proof in the record. Plaintiff proceeded in rem against the auto, praying for the recognition of a privilege thereon for these repairs amounting to the sum of $138.70.

John W. Lunday, a resident of the State if Mississippi, intervened in the case by way of third opposition, alleging that the privilege asserted by plaintiff against the auto was prescribed, also asking to be decreed the owner thereof, and for judgment against plaintiff for $400.00 as rental for the use of the auto.

It is admitted that the intervenor, Lunday, is the owner of the auto. It also clearly appears that the repairs were made by the plaintiff at the request of the unknown person above referred to (who evidently had stolen the car), and that the repairs were made without either the knowledge or consent of intervenor, the owner.

We will first take up the plea of prescription which is grounded on Act 82 of 1916. This statute grants a privilege to owners, operators or other persons operating a garage, for repairs and labor performed on automobiles or other machinery. This statute declares that such a privilege shall not exist for a longer period than ninety days after said repairs are made. The repairs, as before stated, were made in February, 1924, and this suit was filed on the 20th of October, 1924, more than seven months thereafter. If plaintiff was entitled to a privilege on the auto which was the ground work of his original demand, the lien asserted by him thereunder was unquestionably prescribed when he filed his suit.

In the brief of counsel for plaintiff filed in this court and in referring to Act 82 of 1916, he says: "We contend that the provisions of this act were intended to apply to cases of contract between the owner and mechanic, and not in instances where the obligation of the owner to pay for the repairs is based upon a quantum meruit or quasi contract, as in the case under consideration."

If, as first contended by counsel for plaintiff, the privilege arising under the act applies only to cases where there is a contract between the owner and the mechanic, obviously there never could have been any in the instant case as there was certainly no contract for the repairs between plaintiff, the mechanic, and intervenor, the owner. The privilege, either never existed because of the lack of a contract between plaintiff and intervenor, or if it arose under said statute without such a contract, it had ceased to exist by the lapse of time under its provisions as hereinabove stated. Counsel further contends, as appears from the foregoing excerpt from his brief, that the provisions of that statute were not intended to cover cases where the obligation of the owner to pay for the repairs is "based upon a quantum meruit or quasi contract, as in the case under consideration". We shall consider the two last propositions in the order presented.

When a person employs another to work for him, without any agreement as to his compensation, the law implies a promise from the employer to the workman that he will pay him for his services, as much as he deserves or merits. When such a relation exists between employer and employee the latter may recover against his employee on a quantum meruit or implied assumpsit for the value of his services. It is beyond question here that Lunday, intervenor, never employed plaintiff to make these repairs, and is therefore certainly not responsible to him on a quantum meruit. The unknown party referred to is the one who employed plaintiff, and if he be entitled to any right of action for his materials and labor, he should look to that party for re-imbursement.

The next proposition is based on a pretended quasi contract.

Civil Code, Article 2295, says that a party may become liable to another when of his own accord he undertakes to manage the

affairs of another, although the owner be ignorant thereof. There is no proof here that plaintiff ever undertook to manage the affairs of intervenor, and hence no such relation existed between these parties that could create a quasi contract between them. Counsel for plaintiff, under this heading, refers to Article 2299, Civil Code. This article in furtherance of equity, compels the owner, "whose business has been well managed, to comply with the engagements contracted by his manager, in his name ————————————————; and to reimburse him all useful and necessary expenses".

It is evident in the instant case that plaintiff has never managed any business in the name of intervenor, and clearly under the provisions of that article no quasi contract arose between the parties obliging intervenor to recoup plaintiff for the expenses he may have incurred in repairing the automobile.

Counsel for plaintiff refers to Holmes vs. Steamer Chieftain, 1 La. Ann. 136, in support of his contention that by coming into court and claiming against plaintiff, rental for his car that intervenor subjected himself to its jurisdiction and could be held to a personal judgment. This position, we think is correct as has been held in several decisions. See Andrews vs. Sheehy, 125 La. 217, 51 South. 122; Damson vs. Frazar, 150 La. 203, 90 South. 570; and, in this case plaintiff was authorized to urge his claim as Lunday, plaintiff in third opposition, was a resident of another state, and could not urge that the demand of Darce, plaintiff in the original suit, was not necessarily connected with or incidental to the main cause of action. C. P. 375. Darce, plaintiff, was therefore entitled to urge a recognition of a personal claim against intervenor who had thus voluntarily subjected himself to the jurisdiction of the court. All this is very true, but it is equally true —as the right to a recovery in rem had disappeared from the case—that plaintiff had to show before he could recover that intervenor was bound or was indebted to him under some personal obligation arising under a contract, quasi contract or quantum meruit. He has, however, failed to establish the existence of any such obligation due him by intervenor, and has no right to a personal judgment for the amount claimed.

The lower court denied the privilege and rejected the demand for a personal judgment. For the foregoing reasons the judgment is affirmed with costs.