BOUTALL, Judge.
This is a suit by Transport Insurance Company against Ford Motor Company seeking reimbursement of an amount paid by Transport for Ford’s benefit under the theory of negotiorum gestio. Ford filed a motion for summary judgment and the trial court rendered summary judgment in its favor. Transport Insurance Company appeals from the adverse summary judgment.
Transport Insurance Company filed a petition on June 18, 1970, seeking reimbursement of $507.31 paid out by it as settlement of damages to third parties, together with the sum of $500.00 as expenses for negotiating the settlement allegedly while acting on behalf of Ford Motor Company. The basic facts alleged are that on April 22, 1969, a truck owned and operated by Strickland Transportation Company was involved in a collision with three parked vehicles. It is alleged that Strickland was not at fault in any way, but that the accident was due to the breaking of a “spring hanger”, which resulted in the right rear spring of the truck giving way. This caused the cargo body of the truck to shift to the right and in turn resulted in the truck striking three vehicles parked along side the street. The petition further recites that the sole *607 and proximate cause of the accident was the negligence, etc., of Ford Motor Company, and that it was the sole obligation of Ford to repair the damages done to the three parked vehicles, which were damaged in the amount of $507.31.
Transport Insurance Company was the insurer of Strickland and of the particular Ford truck involved, and paid the owners of the three vehicles the amount of damages in settlement of the claims, alleging that there was no obligation upon it to do so for its account or the account of the insured, but solely for the use and benefit of Ford Motor Company. Transport alleges that it voluntarily undertook to manage the affairs of Ford in discharge of its obligations to the owners to the vehicles, and that it successfully discharged this obligation and fulfilled its duties as a prudent administrator. As a result it is entitled to be reimbursed for the sums it paid out, together with the reasonable expenses of $500.00 incurred by Transport to achieve this settlement and conclusion of the claims.
The appellant contends to us that it is entitled to recover by virtue of the provisions of the Louisiana Civil Code in particularly that section treating of the quasi contract resulting from the management of another’s affairs, as set forth in LSA-C.C. art. 2295 et seq. We are referred particularly to the provisions of art. 2295 and 2299 which read as follows :
“Art. 2295. Unauthorized management of another’s affairs; negotiorum gestio
When a man undertakes, of his own accord, to manage the affairs of another, whether the owner be acquainted with the undertaking or ignorant of it, the person assuming the agency contracts the tacit engagement to continue it and to complete it, until the owner shall be in a condition to attend to it himself; he assumes also the payment of the expenses attending the business.
He incurs all the obligations which would result from an express agency with which he might have been invested by the proprietors.”
“Art. 2299. Obligations of owner resulting from acts of manager
Equity obliges the owner, whose business has been well managed, to comply with the engagements contracted by the manager, in his name; to indemnify the manager in all the personal engagements he has contracted; and to reimburse him all useful and necessary expenses.”
It is important to note that this matter comes before us, not on the merits of the suit, but rather on a motion for summary judgment. It is obvious that, because of the nature of the summary judgment proceedings, and because of the fact that by definition, the owner may not be acquainted with the undertaking by the other situations of negotiorum, gestio, such a situation does not readily lend itself to summary judgment. The law is quite clear that if there is a disputed issue of material fact, that summary judgment is not proper, and additionally, the court in matters of summary judgment is not free to determine the preponderance of the evidence, as is the situation in a case on the merits. Our inquiry is thus directed to determine whether there are material facts in dispute which would necessarily require resolution before judgment could be obtained by the requesting party.
In this case, there exists a serious dispute as to which of the parties may have been responsible for the damages complained of by the owners of the parked vehicles, and of course, because of the theory of negotiorum gestio, it is not necessary that the manager be acting either under the authority, whether expressed or implied, or knowledge of the other party. The basic problem in this case is whether the manager was acting in the name of the other party in contracting the settlement and release of the claims. Although plaintiff’s petition alleges that it was acting as the agent of Ford, this is simply a conclusion, and the documents introduced into *608 evidence show that this conclusion is incorrect.
On this issue, the evidence submitted on the trial of the motion consisted of the answers to certain interrogatories addressed to Transport asking if the claims of the owners of the parked vehicles were based on the alleged negligence of the Strickland driver, to which Transport answered “unknown”, and the answer to the question whether such owners made any such demands upon Ford, and if so, explain, to which Transport answered, Yes, see attached letter of October 6, 1969 by Mr. Robert Campbell of Transport. That letter contains the following quotation which we deem pertinent:
“This is to advise you of our claim against the Ford Motor Company for damages which we, Transport Insurance Company, were called upon to pay in behalf of our insured, Strickland Transportation Company.” (Emphasis ours)
The letter makes no reference whatsoever as to claims against Ford by these owners. Additionally, we are referred to the releases executed by the three owners which released and discharged “Strickland Transportation, Merlin Dyer and Transport Insurance Company, his/her successors and assigns, and/or his, her, their, and each of their associates, heirs, executors and administrators, and any and all other persons, associations, and/or corporation, whether herein named or referred to or not, of and from any and every claim, demand, right or cause of action of whatever kind or nature * * * especially the liability * * * for which I/we have claimed the said Strickland Transportation, Merlin Dyer and Transportation Insurance Company to be legally liable * * * ”. Considering the answers together with the written document, we cannot conclude that the appellant in this case has put forth any facts which would cause us to believe that there is a serious issue in this regard. There is no evidence whatsoever that any of the three owners made any claim against Ford, or that they intended to release Ford from any claims they may have. There is no genuine issue of fact on this aspect of the case, and since there have been no countervailing documents or evidence filed, it must be assumed that there is no dispute in respect to the facts set forth in the supporting documentation. White Factors, Inc. v. F & B Supplies, Inc., 211 So.2d 754 (La.App. 4th Cir., 1968); Dean v. American Marine Corporation, 169 So.2d 572 (La.App. 4th Cir., 1964); and Rushing v. Weyerhaeuser Company, 144 So.2d 420 (La.App. 4th Cir., 1962). LSA-C.C.P. 967.
Counsel for appellant refers us to the case of Standard Motor Car Company v. State Farm Mutual Automobile Insurance Company, 97 So.2d 435 (La.App. 1st Cir., 1957). We note however, that in that case the plaintiff was a repair garage which had possession of a customer’s automobile, and while the automobile was in its custody it suffered damages. The garage repaired the damages and sued the insurer of the party alleged to have caused the damages. That case, which procedurally involved a decision on an exception of no cause or right of action, was based upon the pronouncements of the law pertaining to deposit and bailment, and recovery was afforded on that basis. In dicta the court stated that the action of the garage man in repairing the damage to its customer’s automobile might be considered to be in satisfaction of the third party tort feasor’s obligation to the customer for the damage to latter’s car, and therefore, an act of negotiorum gestio as to said defendant tort feasor therein. But this is not the holding in that case, and although there is an examination into the law of negotiorum gestio, it is readily distinguishable from the present case.
At this point we may mention that we are not certain that the articles of the Civil Code pertaining to negotiorum gestio should be granted as wide an interpretation as in that case. For an exhaustive discussion of this, refer to the comment entitled “Management of the Affairs of Another” in 36 Tulane Law Review 108 (1961), and *609 the comment entitled “Negotiorum Gestio in Louisiana” in 7 Tulane Law Review 253 (1933).
We are also referred to the case of Louisiana State Mineral Board v. Albarado, 248 La. 551, 180 So.2d 700 (1965). In that case a certain Ulysses Pierrottie held written powers of attorney from certain heirs of Boutte and engaged in enormous work to establish the rights of the heirs. He was found entitled to some remuneration (on the basis of quantum meruit) from those heirs who did not specifically employ him. This case however, is apposite to the present situation. There, there was no question that all of the labors of Pierrottie were directed to successfully establish the rights of the ancestor, as well as the rights of the heirs claiming thereunder against third parties, and thus it is clearly seen that he was acting for their mutual business and achieved results in the name and benefit of all of the heirs. This mutuality of interest and common benefit of the heirs from their ancestor is lacking in our case.
An interesting case concerning this problem is found in Darce v. One Ford Automobile, 2 La.App. 185 (1st Cir., 1925), 54 A.L.R. 555, wherein a thief ordered repairs to a stolen automobile, and the repairman sued the owner both under quantum meruit and C.C. arts. 2295 and 2299. The court concluded the thief was not managing the owner’s business or contracting the engagement in his name.
We are of the opinion that the appellant in this case was simply acting for its insured as undeniedly shown by the documents in evidence. Its rights are no more than its insured’s rights under a subrogation, either express or through its insurance policy, to recover in tort. We note no assignment of rights from the owners of the other vehicles.
In this case there are no facts offered to indicate a genuine issue that the plaintiff was managing the business of Ford in the name of Ford, and such a showing is necessary to establish a basis for plaintiff’s case.
For the foregoing reasons, we are of the opinion that the judgment of the trial court maintaining the motion for summary judgment and dismissing plaintiff’s suit is correct and should be affirmed at the cost of appellant.
Affirmed.