688 So.2d 1296 (1997)
Kathy ATTARDO and Lisa Everage
v.
Salvador, a/k/a Sal BROCATO, et al.
No. 96-CA-1170.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1997.
Writ Denied April 18, 1997.
Robert M. Johnston, Shannon Howard-Duhon, Adams, Johnston & Oreck, New Orleans, for Defendant-Appellee.
Marsha B. Martin, Ford J. Dieth, Dieth and Martin (Higbee), New Orleans, for Plaintiff-Appellant.
Before BYRNES, ARMSTRONG and JONES, JJ.
BYRNES, Judge.
Plaintiff-appellant, Kathy Attardo, appeals a partial summary judgment rendered without written reasons dismissing her claim for general tort damages and sexual harassment under both federal and state anti-discrimination statutes against one of the defendants, her employer, Video Services, Inc. We affirm.[1]
*1297 Appellate courts review summary judgments de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. McCrae v. Hankins, 720 F.2d 863, 865 (5 Cir. La. 1983). A material fact is one whose existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery, i.e., one that would matter on the trial of the merits. Smith v. Our Lady of the Lake Hosp. Inc., 93-2512 (La.7/5/94), 639 So.2d 730. A genuine issue is a triable issue. Id. at 751. Even under the amended version of LSA-C.C.P. art. 966, if genuine issues of fact remain, this court must still reject summary judgment. In Short v. Giffin, 96-0361 (La.App. 4 Cir. 8/21/96), 682 So.2d 249, this court found that the amended statute, La.C.C.P. art. 966, applies retroactively but does not change the law regarding the burden of proof in a summary judgment proceeding although legislative intent is to favor summary judgments. See also Walker v. Kroop, 96-0618 (La.App. 4 Cir. 7/24/96), 678 So.2d 580; and Margaret Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4 Cir. 9/11/96), 681 So.2d 19. The recent amendments to LSA-C.C.P. art. 966 have in no way changed the definition of "genuine issue of material fact." Walker v. Kroop, supra.
Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (La.App. 4th Cir.1990), writ denied, 572 So.2d 68 (La.1991). Allegations without substance will not support a summary judgment. Id.
Attardo complains that she was subjected to sexual harassment[2] by a Fairgrounds security guard. Attardo was employed by Video Services, Inc. (VSI), not the Fairgrounds, although VSI operated on the Fairgrounds premises. Her allegations of sexual harassment against her employer, VSI, consist of the failure to take steps to prevent further instances of such harassment after she reported them to her supervisor, Gerald Paretti. Presumably such steps would consist of complaining to the Fairgrounds or whoever else might have authority over Brocato. Attardo does not allege that her employer, VSI, had the authority to fire, discipline, or direct the activities of the non-employee security guard. She does not allege that any employee, officer or agent of VSI directed any undesired or inappropriate sexual comments or actions towards her. Attardo does not complain that her supervisor, Paretti, did anything to sexually harass her other than failing to take action to prevent Brocato's acts. Attardo does not contend that Paretti had any authority over Brocato.
None of the cases cited by Attardo, federal or state, provide a cause of action against an employer for sexual harassment by a non-employee under the federal and state anti-discrimination statutes. To the extent that harassment of the type alleged herein may be actionable it must come under the general tort law. Attardo is vehement that her claim against VSI arises out of her employment with VSI while she was on the job. Attardo's exclusive remedy against VSI for any such work related damages falls under Worker's Compensation unless she can show that she was injured as the result of an intentional act by VSI. LSA-R.S. 23:1032(B). We find that as a matter of law her claim consists of allegations which at most would constitute an unsafe workplace claim based on negligence or at worst, gross negligence. Adams v. Time Saver Stores, Inc., 615 So.2d 460 (La.App. 4 Cir.1993), writ denied, 617 So.2d 910 (La.1993).
Attardo also alleges that VSI is liable for the failure of its employee, Paretti, to act *1298 after Attardo had reported Brocato's harassment to him, citing LSA-C.C. art. 2320. In her brief Attardo argues: "The knowledge of their [VSI] employee, Gerald Paretti, her boss, and thus the one she was required to report this heinous activity to, is imputed to the company [,] VSI [,] by respondeat superior." Assuming for purposes of argument that Paretti could be held responsible for Brocato's acts and through Paretti, VSI, Attardo would still have the burden on motion for summary judgment under LSA-C.C. art. 2320 of showing that a genuine issue exists as to whether VSI "might have prevented the act which caused the damage, and [has] not done it." The "act" referred to in LSA-C.C. art. 2320 which VSI "might have prevented" is the act (or failure to act) of its employee, Paretti, not the acts of Brocato. LSA-C.C. art. 2320 imposes liability on the employer only for acts of its employee which it "might have prevented", not acts of third parties.
In this case Attardo alleges that Paretti's "act" under LSA-C.C. art. 2320 consists of having had knowledge of Brocato's acts and failing then to act to prevent further such acts from occurring in the future. But Attardo has failed to make a showing that a genuine issue exists that VSI could have prevented Paretti's inaction and failed to do so, which is a prerequisite to the imposition of liability on VSI under LSA-C.C. art. 2320. The record shows that as soon as those at VSI with authority to take action in regard to Paretti learned of Paretti's failure to act, he was promptly fired. Attardo has offered nothing to the contrary in opposition to the motion for summary judgment. In any event, Attardo's exclusive remedy for this aspect of her claim against VSI would fall under the Worker's Compensation Law as discussed above.
Finally, Attardo complains that had she been allowed to complete discovery she would have been able to show the existence of a genuine issue of material fact. LSA-C.C.P. art. 967 provides in pertinent part:
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just. [Emphasis added.]
It does not appear from the record that Attardo filed any affidavits[3] requesting relief under this paragraph of LSA-C.C.P. art. 967 whereby the trial court could have refused VSI's application for judgment or deferred decision pending the completion of further discovery by Attardo. Having failed to request such relief from the trial court it is too late to request it for the first time on appeal.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] This Court did not consider Exhibit "C" annexed to the plaintiff's brief. It is not part of the record on appeal.
[2] Sexual harassment claims arise under Louisiana's anti-discrimination statute, LSA-R.S. 23:1006. The federal statute is found in the Civil Rights Act of 1964, Sec. 701 et seq., as amended, 42 U.S.C.A. Sec.2000e et seq.
[3] There is no evidence of any such request having been made of the trial court by Attardo even in an unsworn form.