716 So.2d 906 (1998)
Theron CHARLOT
v.
The ALABAMA GREAT SOUTHERN RAILROAD COMPANY.
No. 98-C-0895.
Court of Appeal of Louisiana, Fourth Circuit.
June 24, 1998.
*907 Benjamin R. Slater, III, Mark E. Van Horn, Cory R. Cahn, The Slater Law Firm, New Orleans, for Relator.
Alex O. Lewis, III, New Orleans, for Respondent.
Before SCHOTT, C.J., and BYRNES and MURRAY, JJ.
BYRNES, Judge.
The relator-defendant, The Alabama Great Southern Railroad Company, applied to this court for supervisory writs to review the denial of its motion for summary judgment.[1] Relator was sued by the respondent-plaintiff, Theron Charlot, for property damages and loss of earnings sustained when his truck driven by his employee was allegedly involved in a collision with a beam hanging from a railroad underpass.
In support of its motion for summary judgment the relator introduced the affidavit and annexed report of Robert Hilbun which maintained that Hilbun had inspected the underpass immediately following the accident *908 on May 7, 1996, at which time he determined that the underpass "was in satisfactory condition, and that it was not missing any beams or other appurtenances." Hilbun also swore that no maintenance work was done on the underpass between the time of the accident and his inspection, between May 7, 1996, and his subsequent inspection on October 9, 1997.
In connection with its summary judgment motion the relator also offered a copy of its agreement with the City of New Orleans showing that the city would have been responsible for a hanging beam of the type alleged to have caused the respondent's damages, the existence of which was refuted by the Hilburn affidavit and report described above.
The uncontradicted affidavit of Hilburn alone is enough to establish that "there is an absence of factual support for one or more elements essential to [plaintiff's] claim ..." LSA-C.C.P. art. 966 C(2). As the burden of proof at trial regarding this issue will be on the plaintiff, the plaintiff is required "to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial ..." Id. Plaintiff's failure to meet this requirement means that we must conclude that "there is no genuine issue of material fact" (Id.) and that relator "is entitled to judgment as a matter of law." LSA-C.C.P. art. 966 B. The copy of the agreement with the City, the authenticity of which has not been challenged by the respondent, serves to reinforce the strength of relator's position, but is not critical to it.
Moreover, even under the old summary judgment law, plaintiff would not have been entitled to rest on his mere allegations in the face of relator's evidence. LSA-C.C.P. art. 967.
The plaintiff argues that the Hilbun affidavit and report were contradicted by witnesses. But the respondent offered no affidavits or deposition testimony in support of this contention. Argument of counsel no matter how articulate is not evidence. Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Attardo v. Brocato, 96-1170 (La.App. 4 Cir. 2/5/97), 688 So.2d 1296, writ denied 97-0584 (La.4/18/97), 692 So.2d 453.
In connection with respondent's opposition filed with this Court, the respondent referred to and annexed a copy of the police report[2] which mentions statements by certain eyewitnesses. However, there is no affidavit or deposition testimony by the police officer or any of the witnesses referred to in the police report. This police report does not comply with LSA-C.C.P. art. 967 which requires in pertinent part that "supporting and opposing affidavits shall be made on personal knowledge ..." The reference in the police report to eyewitness statements is not in affidavit form, nor were those statements made with the personal knowledge of the police officer. Plaintiff contends that he should be granted the opportunity to have the police officer and the eyewitnesses testify at a trial on the merits. Plaintiff alleges that the accident occurred on May 7, 1996. It is not clear from the record exactly when plaintiff filed his petition, but we may assume because of prescription that it must have been filed within one year of the accident date, i.e., it must have been filed on or before May 7, 1997. The certificates of service on relator's motion for summary judgment and memorandum in support thereof (referring to and containing the Hilburn affidavit and report as well as the agreement with the City) are dated February 6, 1998 but the hearing on that motion was not held until March 9, 1998.
LSA-C.C.P. art. 967 provides in pertinent part that:
If it appears from affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts *909 essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
The plaintiff filed no affidavits in conformity with this part of LSA-C.C.P. art. 967. The plaintiff does not aver that he moved for a continuance to allow more time for discovery. As is evident from the chronology of this matter leading up to the hearing on the relator's summary judgment motion, the plaintiff had many months after the filing of this litigation in which he could have obtained an affidavit or deposition form at least one of the eyewitnesses or the police officer. The plaintiff does not even allege that any attempt was made to do so. Moreover, LSA-C.C.P. art. 967 requires that any reasons put forth to justify the failure to obtain necessary countervailing information must be presented in affidavit form, i.e., under oath. It is not sufficient to allege due diligence in argument, and in this case the plaintiff does not assert due diligence in argument or in unsworn form. Cf. Attardo, supra. Even if this Court were to view the record in the manner most favorable to the plaintiff and resolve all doubts in plaintiff's favor as we would have been required to do under old summary judgment law, there is nothing in the record or in plaintiff's argument from which we could draw even the slightest inference that there is any reason for the plaintiff's failure to properly oppose relator's motion that could justify the decision of the trial court to deny the relator's motion. We find that it was error for the trial court to deny the relator's motion for judgment.
Accordingly, we reverse the judgment of the trial court and render judgment in favor of the relator, The Alabama Great Southern Railroad Company, dismissing plaintiff's claims at plaintiff's costs.
WRIT GRANTED; JUDGMENT REVERSED AND RENDERED.
NOTES
[1] The hearing on the motion complained of was held on March 9, 1998 and the judgment denying said motion was signed on March 20, 1998. Therefore, there is no question that the parties should be held to the new summary judgment standards of Act 483 of 1997, which took effect on July 1, 1997, and that there is no reason to order a remand as we have done in some cases out of a sense of fair play where this Court felt that the parties may have been taken by surprise by the retroactive application of Act 483. Additionally, this Court is fully cognizant of the requirements of LSA-C.C.P. art. 966 A(2) favoring summary judgment which impliedly overrules all of those decisions stating that the party opposing the motion is entitled to have all doubts resolved in its favor and that its pleadings and evidence should be viewed with indulgence while those of the moving party should be viewed strictly.
[2] The police report does not appear to have been annexed to the plaintiff's opposition to the summary judgment motion in the trial court. We doubt that it was in the record below. We cannot consider evidence that was not part of the summary judgment proceedings below. However, as the copy of police report offered by the plaintiff is not "made on personal knowledge" in affidavit form as required by LSA-C.C.P. art. 967, it could not be considered by this Court or the trial court, even had it been offered in connection with plaintiff's opposition in the trial court.