735 So.2d 954 (1999)
Margie ENCALADE
v.
UNITED INSURANCE COMPANY OF AMERICA and Union National Life Insurance Company.
No. 99-CA-0085.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1999.
*955 Perry W. Terrebonne, Pointe-A-La-Hache, LA, Attorney for Plaintiffs/Appellants, Margie Encalade AND Rocktan Thompson.
Kim E. Moore, Stephanie Lottinger Irwin, Montgomery, Barnett, Brown, Read, Hammond & Mentz, L.L.P., New Orleans, LA, Attorneys for Defendant/Appellees, United Insurance Company of America and Union National Life Insurance Company.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG and Judge MIRIAM G. WALTZER.
WALTZER, Judge.
Plaintiffs, Margie Encalade and Rocktan Thompson, appeal a summary judgment dismissing their suit to recover benefits under two life insurance policies.

FACTS AND PROCEDURAL HISTORY
Two separate life insurance policies insured Michael Encalade. These two policies from Union National Life Insurance Company named his mother, Margie Encalade, the beneficiary of one policy (purchased on 13 January 1992) and his girlfriend, Rocktan Thompson, the beneficiary of the second policy (purchased on 1 October 1995). The first policy, naming the mother the beneficiary, contained the provision under a section, entitled "EXCEPTIONS", that "No Benefits Will Be Paid For The Following: ... 6. Your use of intoxicating liquor." The second policy contains a similar provision in a section, entitled "LIMITATIONS AND EXCLUSIONS", that "No benefits will be paid under the Accidental Death or Waiver of Premium Benefit for injury or death resulting directly or indirectly, or wholly or partly from: ... f. Your use of intoxicating liquor."
On 10 December 1995, Michael Encalade drove with a friend, Reco J. Williams, in a car owned by Encalade from his parents home in Plaquemines Parish to the nursing home where Rocktan Thompson worked in eastern New Orleans. The two men arrived at approximately 11:05 p.m. The three people left and went to Thompson's apartment, approximately a ten minute drive. The men accompanied Thompson into her home and stayed for approximately ten minutes. Encalade and Williams decided to "go out." Thompson last saw them heading toward the car, and Encalade carried the keys.
After midnight on the evening of 10 December 1995, on La Highway 39, River Road, Michael Encalade and Reco Williams died in an accident. Both Encalade and Williams were thrown from the vehicle. Encalade owned the car involved in the accident. No one witnessed the accident.
A blood sample was taken from the decedent, Michael Encalade, during the autopsy immediately after the accident. The toxicology report performed on Encalade's sample "revealed an alcohol level of 0.16%."
Dr. Monroe Samuels, an expert in the areas of pathology and toxicology, testified, by affidavit, that the level of alcohol in Encalade's blood impaired his ability to safely drive. He further stated that Encalade was in no condition to drive and presented a risk to himself and others.
Union National denied coverage under the policy naming Margie Encalade the beneficiary. The company paid Rocktan Thompson $10,000.00 under the second policy, but it refused to pay her the additional amount owed for the accidental death. Margie Encalade and Rocktan Thompson filed two separate suits against Union National to recover benefits under the policies. The trial court consolidated the two actions.
On 15 September 1998, the insurance companies moved for summary judgment, *956 arguing that the evidence supported the conclusion that Encalade was driving the car at the time of the accident, that he was legally intoxicated, and that his intoxication contributed to the accident. Therefore, they argued that the exclusions for his "use of intoxicating liquor" applied and precluded recovery.
Plaintiffs opposed the motion. They argued that the issue of who was driving was in dispute, since Encalade's father, who went to the scene of the accident to identify his son, stated in his deposition, that he could not discern who was the driver. They also submitted an affidavit from Rocktan Thompson, the last person to see the two men alive, that she did not believe they appeared intoxicated at this time. Furthermore, the plaintiffs also submitted Encalade's death certificate which listed the cause of death as "head injury due to motor vehicle accident."
After hearing the motion on 24 September 1998, the trial court granted the motion. By judgment dated 25 September 1998, the trial court dismissed plaintiffs' suits against the life insurance companies. Plaintiffs appeal the summary judgment.
On appeal, plaintiffs essentially assign two erros of the trial court.[1] They argue that genuine issues of material fact exist, regarding whether Encalade was the driver and whether he was intoxicated. Plaintiffs contend that the trial court considered inadmissible evidence, the report of the defendants' expert in the area of accident reconstruction, the affidavit of Dr. Samuels, and the result of the toxicology report.

ASSIGNMENT OF ERROR: The trial court erred by considering the report of the defendants' expert in the area of accident reconstruction without supporting affidavits
We review summary judgments de novo. Daniel v. Blaine Kern Artists, Inc., 96-1348 (La.App. 4 Cir. 9/11/96); 681 So.2d 19, writ denied 96-2463 (La.12/6/96); 684 So.2d 934.
A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
To their motion for summary judgment, defendants attached the report of a group of experts in the area of accident reconstruction. In considering a motion for summary judgment, courts should consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." LSA-C.C.P. art. 966(B). Defendants rely on facts contained in this report and the records, including the police report, attached to this report in both their arguments to this court and their arguments to the trial court. However, defendants did not accompany this report with any affidavits or depositions. Such evidence, without accompanying affidavits or depositions, is not considered as competent evidence. Charlot v. Alabama Great Southern Railroad Company, 98-0895 (La.App. 4 Cir. 6/24/98); 716 So.2d 906, 908, writ denied 98-2007 (La.10/30/98); 728 So.2d 387. We find that the trial court erred by considering the report of this group of experts without accompanying affidavits. Although, on appeal, defendants supplemented the record with numerous affidavits, we will not consider evidence, not submitted to the trial court. Chariot, supra at Fn. 2. Defendants, who bear the burden of proving application of the exclusion, did not establish by sufficient, competent evidence the existence of the facts upon which they *957 now rely. For these reasons, we reverse the judgment of the trial court granting the summary judgment and dismissing plaintiffs' suits and remand for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Because plaintiffs did not argue that the exclusion was vague and ambiguous to the trial court, we do not consider this argument on appeal. Moreover, they did not brief this argument on appeal in violation of Rule 2-12-4 of the Uniform Rules of Louisiana Courts of Appeal.