801 So.2d 386 (2000)
Brenda RICHARDSON on Behalf of Coydell BROWN, Plaintiff-Appellant,
v.
LAGNIAPPE HOSPITAL CORPORATION and Dr. James P. Floyd, Defendants-Appellees.
No. 33,378-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
McKeithen and Johnson by: Anita McKeithen and Ginger West Johnson, Shreveport, Counsel for Appellant.
Ward & Nelson by: Craig R. Nelson, New Orleans, Counsel for Appellee-Lagniappe Hospital Corporation.
*387 Pugh, Pugh, & Pugh by: Robert G. Pugh, Jr., Shreveport, Counsel for Appellee-Dr. James P. Floyd.
Before BROWN, GASKINS, CARAWAY, PEATROSS, JJ. and SAMS (Judge Pro Tem.)
Prior report: 764 So.2d 1094.

ON REHEARING
PER CURIAM.
We grant in part and deny in part the rehearing application of the plaintiff, Brenda Richardson.
On appeal, Ms. Richardson asserted that she was never properly served with the motion for summary judgment filed by Lagniappe Hospital. In our original opinion, we found that, although the first attempt at service of the motion was unsuccessful, the matter was rescheduled and Ms. Richardson was properly served with notice of the motion and the new date for hearing thereon. In her rehearing application, Ms. Richardson contends that she was served only with the motion to refix the motion for summary judgment and not the motion itself or the attachments. Upon reexamination of the sheriff's return we find that it is indeed ambiguous as to whether the motion for summary judgment was included in the documents served upon the plaintiff. The return states that the plaintiff was served with Lagniappe's "Motion to Refix Motion for Summary Judgment," a copy of which accompanies this notice. The record does not show whether the actual motion for summary judgment was included in the documents served upon Ms. Richardson.
The plaintiff filed an opposition to the "defendant's motion for summary judgment" in which she discusses the negligence of both Dr. Floyd and Lagniappe Hospital. However, the document remains somewhat ambiguous as to whether the motions for summary judgment of both defendants are addressed or only that of Dr. Floyd. The matter was submitted to the trial court for decision on briefs and the minutes do not indicate that any of the parties actually made an appearance in court for argument.
The law requires that a party must be served with the motion for summary judgment and its attachments ten days before a hearing on the matter. La. C.C.P. art. 966. Service of only a motion to reschedule a motion for summary judgment is not sufficient. See La. C.C.P. art. 2594 and Chaney v. Coastal Cargo, Inc., 98-1902 (La.App. 4th Cir. 1/20/99), 730 So.2d 971. However, if a party makes a general appearance to oppose the motion, any defects in service of the motion are waived. Chatman v. Thor Offshore Boat Service, Inc., 410 So.2d 784 (La.App. 4th Cir.1982).
Because of the ambiguities involved in this case, we grant rehearing only as to the motion for summary judgment filed by Lagniappe Hospital and remand the matter to the trial court for a determination of whether the plaintiff received adequate service of process. We deny rehearing as to summary judgment in favor of Dr. James P. Floyd.
REHEARING DENIED AS TO THE SUMMARY JUDGMENT IN FAVOR OF DR. FLOYD; REHEARING GRANTED AS TO THE MOTION FOR SUMMARY JUDGMENT IN FAVOR OF LAGNIAPPE HOSPITAL. REMANDED FOR FURTHER PROCEEDINGS.