807 So.2d 367 (2002)
Antoinette E. JOHNSON et al.
v.
STATE OF LOUISIANA/UNIVERSITY HOSPITAL et al.
No. 2001-C-1972.
Court of Appeal of Louisiana, Fourth Circuit.
January 25, 2002.
*368 Peter E. Sperling, Karen C. Duncan, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, Counsel for Relators/Defendants.
Court composed of Chief Judge WILLIAM H. BYRNES, III, Judge, STEVEN R. PLOTKIN, and Judge MIRIAM G. WALTZER.
BYRNES, Chief Judge.
In this medical malpractice action, defendants, State of Louisiana/University Hospital ("University Hospital") and Dr. *369 Herman Heck request a review of the September 21, 2001 judgment denying their motion for summary judgment. We reverse.

Facts
Leslie Anthony Edwards, III, was admitted to University Hospital with cardiac problems. After Dr. Heck performed an aortic valve replacement, Mr. Edwards developed an abscess and an aneurysm at the surgical site. On July 21, 1997, Mr. Edwards died during surgery to correct those conditions.
On July 31, 1997, the plaintiffs, Antoinette Johnson, the decedent's daughter, and Patricia Edwards on behalf of her minor child, Leslie Anthony Edwards, IV, filed a complaint with the Louisiana Patients' Compensation Fund against University Hospital and Dr. Heck. The parties proceeded with the formation of the medical review panel and the plaintiffs nominated Dr. Nicholas Moustoukas, a cardiovascular surgeon, as their appointee to the panel. On February 6, 1999, the life of the medical review panel expired before it could meet and render an opinion as to whether University Hospital and Dr. Heck met the standard of care. On March 30, 1999, the plaintiffs filed suit against University Hospital and Dr. Heck.
On September 21, 1999, and September 11, 2000, the defendants asked the plaintiffs to identify their expert witnesses. On February 22, 2001, plaintiffs' counsel agreed to name a medical expert in forty-five days. On June 12, 2001, the defendants filed their motion for summary judgment for the plaintiff's failure to name an expert. The defendants attached to their motion the affidavit of Dr. Nicholas Moustoukas, which stated that he had personal knowledge of the medical records of the plaintiff. He stated that it was his opinion that Dr. Heck met the standard of care in Mr. Edward's case.
On September 17, 2001, the plaintiffs requested to take the depositions of Dr. Heck and Dr. Moustoukas. On September 21, 2001, the trial court denied the defendants' motion for summary judgment, and directed the plaintiffs to name an expert in sixty days or have their action dismissed.
At issue is whether the trial court erred in denying the defendants' motion for summary judgment.
Appellate courts review summary judgment de novo, using the same criteria applied by the trial courts to determine whether the summary judgment is appropriate. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 c/w 99-2257, (La.2/29/2000), 755 So.2d 226, 230. The supporting documentation submitted by the parties should be scrutinized equally, and there is no longer any overriding presumption in favor of trial on the merits. Id., 755 So.2d at 231.
Generally, the personal knowledge requirement for summary judgment affidavits encompasses only those facts which the affiant saw, heard or perceived with his own senses. Tritt v. Gares, 98-0704 (La.App. 4 Cir. 12/23/98), 735 So.2d 659. In Independent Fire Ins. Co. v. Sunbeam Corp., supra, 755 So.2d at 235, the Louisiana Supreme Court held that expert opinion testimony in the form of an affidavit or deposition may be considered in support of or in opposition to a motion for summary judgment.
Making an evaluation of credibility has no place in determining summary judgment; it is not the trial court's function on motion for summary judgment to determine or even inquire into the merits of the issues raised. Rapp v. City of New Orleans, 95-1638 (La.App. 4 Cir. 9/18/96); 681 So.2d 433, writ denied 96-2925 (La.1/24/97); 686 So.2d 868; Walker v. *370 Kroop, 96-0618 (La.App. 4 Cir. 7/24/96); 678 So.2d 580. Deposition testimony may be used to support or oppose a motion for summary judgment, but it is not weighed. Leflore v. Coburn, 95-0690, 95-0249 (La. App. 4 Cir. 12/28/95); 665 So.2d 1323, writ denied 96-0411 (La.3/29/96); 670 So.2d 1234, writ not considered, 96-0453 (La.3/29/96); 670 So.2d 1234. The nonmoving party must show that he will be able to satisfy his evidentiary burden of proof at trial under amended La. C.C.P. art. 966 C(2).
La. C.C.P. art. 966 provides in part:
A. (2) The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. The procedure is favored and shall be construed to accomplish these ends.
B.... The judgment sought should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. (2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
La. C.C.P. art. 967 provides in part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
* * *
La. R.S. 9:2794 A provides that in a malpractice action based on the negligence of a physician the plaintiff shall have the burden of proving:
(1) The degree of knowledge or skill possessed or the degree of care ordinarily exercised by physicians ....licensed to practice in the state of *371 Louisiana and actively practicing in a similar community or locale and under similar circumstances; and where the defendant practices in a particular specialty and where the alleged acts of medical negligence raise issues peculiar to the particular medical specialty involved, then the plaintiff has the burden of proving the degree of care ordinarily practiced by physicians .... within the involved medical specialty.
(2) That the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill.
(3) That as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care the plaintiff suffered injuries that would not otherwise have been incurred.
In a medical malpractice action, opinions of expert witnesses who are members of the medical profession and who are qualified to testify on the subject are generally necessary to determine whether or not physicians possessed the requisite degree of knowledge or skill, or failed to exercise reasonable care and diligence. Richoux v. Tulane Medical Center, 617 So.2d 13 (La.App. 4 Cir.1993).
Expert testimony is not required in a medical malpractice case when there is some obvious act from which a lay person can infer negligence, such as fracturing a leg during an examination, amputating the wrong limb, dropping a knife, scalpel, or acid on the patient, leaving a sponge in a patient's body, failure to attend to a patient when the circumstances demonstrate the serious consequences of this failure, and failure of an on-call physician to respond to an emergency when he knows or should know that his presence is necessary. Richardson ex rel. Brown v. Lagniappe Hosp. Corp., 33,378 (La.App. 2 Cir. 5/15/00), 764 So.2d 1094, on rehearing in part, 33,378 (La.App. 2 Cir. 6/21/00), 801 So.2d 386; Dean v. Ochsner Medical Foundation Hosp. and Clinic, 99-466 (La. App. 5 Cir. 11/10/99), 749 So.2d 36.
In Manning v. Sketchier, 99-1128 (La. App. 5 Cir. 3/22/00), 759 So.2d 869, the Fifth Circuit found that the surgeon was not negligent in surgery and post-operative orthopedic care of a patient who developed complications after a rod was inserted in his femur, absent expert testimony that the surgeon breached the applicable standard of care, since the alleged acts of negligence were not so obvious as to eliminate the necessity of expert testimony.
In Dean v. American Marine Corp., 169 So.2d 572, 574, (La.App. 4 Cir.1964), this Court stated that generally, in the absence of counter-affidavits, it must be assumed that there is no dispute with regard to facts set forth in defendant's affidavits and other documents submitted to support the motion. See also Transport Ins. Co. v. Ford Motor Co., 259 So.2d 606, 608 (La. App. 4 Cir.1972); Farmers State Bank and Trust Co. v. Leger, 503 So.2d 1141 (La.App. 3 Cir.1987).
In Charlot v. Alabama Great Southern R. Co., 98-0895 (La.App. 4 Cir. 6/24/98), 716 So.2d 906, writ denied 98-2007 (La.10/30/98), 728 So.2d 387, the plaintiff filed no affidavits in conformity with La. C.C.P. art. 967. To obtain a continuance on a motion for summary judgment, this Court held that any reasons put forth to justify the failure to obtain the necessary countervailing information must be presented in affidavit form, that is, under oath. It is not sufficient to allege due diligence in argument. Id.
In Delcambre v. Price, 99-0223 (La.App. 4 Cir. 3/24/99), 738 So.2d 593, this Court *372 held that argument of counsel, which includes memoranda submitted in support of or in opposition to a motion for summary judgment, is not evidence, no matter how artful and persuasive.
In Encalade v. United Ins. Co. of America, 99-0085 (La.App. 4 Cir. 6/2/99) 735 So.2d 954, this Court found that a report of a group of experts in an accident reconstruction was not competent evidence without accompanying affidavits or depositions and should not have been considered in ruling on a motion for summary judgment.
In the present case, the plaintiff failed to show that obvious acts of negligence are present to eliminate the necessity of expert testimony. At the time of the hearing on the defendants' motion, the plaintiffs had only filed a memorandum in opposition to the motion for summary judgment. The plaintiffs had not named an expert medical witness who would testify that Dr. Heck fell below the standard of care, and plaintiffs did not have affidavits or depositions of any expert witness who could testify to that fact. The plaintiffs relied solely on the allegations in their pleadings and arguments in their memorandum opposing summary judgment. The plaintiffs assert that the defendants did not provide answers to interrogatories propounded by the plaintiffs. Without countervailing affidavits or depositions, the plaintiffs' allegations and arguments are not sufficient to create a genuine issue of material fact, to oppose the defendants' motion for summary judgment. Charlot, supra.
Accordingly, the trial court's judgment is reversed, and the defendants' motion for summary judgment is granted. The case is remanded for further proceedings.
WRIT GRANTED: REVERSED & REMANDED.