PAUL A. BONIN, Judge.
|, Pamela and Eric Person, owners of a condominium unit on St. Charles Avenue, sued their adjoining neighbor and condo unit owner, Harold Judell,[1] and his insurer, Encompass Property and Casualty Company. The Persons claimed that Mr. Judell and Encompass were liable to them for water and mold damages to their unit caused by Mr. Judell’s failure to properly repair, or to repair at all, his unit which had been storm-damaged. Mr. Judell and Encompass filed a motion for summary judgment, seeking dismissal of the Persons’ lawsuit on the basis that the condominium agreement released Mr. Judell from liability to them to the extent that the damage was covered by insurance. The summary judgment motion contended that the Persons’ damage had been covered by their own and the condo association’s insurers, who had been released.
When the motion was first scheduled for hearing, the district judge, finding that the *681 submitted evidentiary support for the motion was insufficient, requested Mr. Judell and Encompass to supplement their evidence, recessed the hearing, and considered the motion at a later date. The Persons objected to the admissibility of |;>the supplemental materials, but the district judge considered them and granted summary judgment, dismissing their lawsuit with prejudice. The Persons appeal the dismissal of their lawsuit.
After our de novo review,[2] because we find that the supplemental materials do not satisfy the evidentiary requirements for admissibility at a summary judgment motion, we decide that Mr. Judell and Encompass were not entitled to summary judgment.[3] We accordingly reverse the judgment and remand the matter to the district court for further proceedings. We explain our decision below.
I
The Persons argue that, except for the condominium declaration, the remaining materials submitted as evidentiary support by Mr. Judell and Encompass are inadmissible for the purposes of summary judgment. The Persons timely objected to the trial court’s consideration of the materials. Mr. Judell argues that the materials objected to by the Persons were produced in discovery and, apparently further argues, that on such account they are exempted from the evidentiary requirements for certification, authentication, and admissibility.
Mr. Judell supplemented his motion with the following exhibits: (a) an unverified copy of a letter from his counsel to the Persons’ counsel seeking copies of the Persons’ insurance policy and releases executed by them; (b) an unverified Rcopy of a letter from the Persons’ • counsel to Mr. Judell’s counsel, which letter essentially declines to comply with the earlier request; (c) an unverified copy of a letter from Manny Hidalgo, a State Farm agent, to Mr. Person, referencing proof of insurance certificates; (d) several uncertified “Evidence of Insurance” for the Persons as the “unitowner” and the condo association as the “insured” for different periods, and several uncertified “Certificate of Flood Insurance” for the Persons as the “unitowner” and the condo association as the “insured” for different periods; (e) uncertified “declarations page” for State Farm for the period May 22, 2002 to May 22, 2003 on unit 604, and (f) an unverified State Farm damage-estimate for condo unit 604.
Mr. Judell’s legal argument for summary judgment rests on the condominium agreement, which constitutes the law between him and the Persons. See La. R.S. 9:1124.115 A (“The condominium declaration and bylaws shall have the force of law between the individual unit owners.”) The agreement expressly provides that “[e]ach Unit owner waives and releases any and all claims which he may have against any other Unit Owner, ... for damages to the Common Elements, the Units, or to any *682 personal property located in the Units.” But the waiver and release is expressly— and importantly — conditioned “to the extent that such damage is caused by a casualty for which insurance coverage is provided.” Because the Persons do not argue that the actions of Mr. Judell resulted from his intentional act or gross negligence, this advance exclusion of liability for property damage is enforceable as written. See La. Civil Code art. 2004.
|4But the Persons are not required to negate the waiver and release; Mr. Judell bears the burden of proving the facts supporting the waiver and release. See Boudreaux v. State Farm Mut. Auto. Ins. Co., 02-0411, p. 8 (La.App. 4 Cir. 8/14/02), 825 So.2d 558, 562-568 (State Farm moved for summary judgment based on the affirmative defense that it had already paid its policy limits and argued that the burden shifted to the plaintiff. The appellate court reversed the trial court’s award of summary judgment because State Farm had not satisfied its initial burden of proof). Thus, Mr. Judell must submit satisfactory evidence not only of the existence of the waiver and release but also that the damages claimed by the Persons were caused by a casualty for which insurance is provided. Mr. Judell, by submitting the condo declaration as support, establishes one essential element of his affirmative defense: an enforceable, albeit conditional, waiver and release provision.
We then turn to examine whether Mr. Judell’s evidence shows that the Persons’ claimed damage was caused by a casualty for which insurance is provided.
We have repeatedly held that “[i]n meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered.” Williams v. Memorial Medical Center, 03-1806, p. 14 (La.App. 4 C ir. 3/17/04), 870 So.2d 1044, 1053.
“The requirement that documents be verified or authenticated is not merely a mechanical one of form only. It is based on the fundamental fact that such | ¿documents are not self-proving.” Schully v. Hughes, 00-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219, 1222. To allow unverified and or unauthenticated documents to be considered would result in “all manner of worthless documents [to] magically somehow become admissible by virtue of merely stapling them to a motion for summary judgment.” Id.
With respect to the three letters attached to Mr. Judell’s motion, they are not admissible because they are not affidavits and they are not otherwise certified or verified by an affidavit. See Cusimano v. Port Esplanade Condominium Ass’n, Inc., 10-0477, p. 6 (La.App. 4 Cir. 1/12/11), 55 So.3d 931, 936 (noting that the trial judge did not abuse her discretion in striking unverified letters when considering a motion for summary judgment). With respect to the unverified “evidences of insurance,” “certificates of insurance,” and “declarations page,” these too are not admissible; even, perhaps especially, an insurance policy itself must be verified if submitted in connection with a motion for summary judgment. See Lee v. Unum Life Ins. Co. of America, 04-1483, pp. 9-10 (La.App. 4 Cir. 3/30/05), 900 So.2d 1021, 1027. Here, Mr. Judell, it must be recalled, bears the burden of showing that the casualty loss was covered by insurance. Id. n. 8. Finally, the unverified State Farm damage-estimate report for unit 604 is not admissible; a report, in the absence of an agreement between the parties, when not properly identified by affidavit is not admissible. See Harvey v. Francis, 00-1268, p. 3 (La.App.3/21/01), 785 So.2d 893, 896 (concerning an arson *683 report); Chariot Alabama Great Southern R. Co., 98-0895 (La.App. 4 Cir. 6/24/98), 716 So.2d 906, 908 (concerning a police report).
Because the Persons timely and correctly objected to the admissibility of these materials, we cannot consider them in our de novo determination of the appropriateness of summary judgment in this case.
II
Mr. Judell and Encompass argued to the trial judge about releases executed by the Persons in favor of the condo association and its insurers concerning mold damage to the Persons’ unit. But none of that argument was supported by any admissible evidence. And “[ajrgument of counsel no matter how articulate is not evidence.” Charlot, supra. Additionally, Mr. Judell and Encompass argue that their submissions are at least sufficient to shift the burden to the Persons under La. C.C.P. art. 966 C(2). The burden-shifting provision of that section, however, by its own terms only applies when the moving party (here Mr. Judell and Encompass) “would not bear the burden of proof at trial on the matter that is before the court on the summary judgment motion.” La. C.C.P. art. 966 C(2). The matter before the court on this summary judgment motion is whether the waiver and release provision of the condominium declaration has become operative “to the extent that such damage is caused by a casualty for which insurance coverage is provided.” As to that matter, Mr. Judell and Encompass bear the burden of proof at trial and thus their reliance on article 966 C(2) is misplaced.
17Based upon the record before us, there is no admissible evidence that any insurance coverage was provided for the casualty which caused damage to the Persons’ condo unit.
CONCLUSION
In the light of Mr. Judell’s burden of proof, the materials with which he sought to supplement his motion do not constitute competent evidence and should not have been considered by the trial judge. Mr. Judell is not entitled to judgment as a matter of law at this time because he has not proved with competent evidence that the waiver and release are operative. Thus the Persons (as the adverse party) are not yet required to demonstrate a genuine issue of material fact exists.
DECREE
The summary judgment granted in favor of Harold Judell and Encompass Property and Casualty Company, dismissing the lawsuit by Pamela and Eric Person against them with prejudice, is reversed. The matter is remanded to the trial court for further proceedings consistent with this decision. Costs of this appeal are taxable at the time of final judgment.
REVERSED AND REMANDED

. Mr. Judell subsequently died and his succession representative was voluntarily substituted. See La. C.C.P. art. 801.

. See Jones v. Estate of Santiago, 03-1424, p. 5 (La.4/14/04), 870 So.2d 1002, 1006 ("Our review of a grant or denial of a motion for summary judgment is de novo. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). Thus, this court uses the same criteria as the trial court in determining whether summary judgment is appropriate — whether there is a genuine issue of material fact and whether mover is entitled to judgment as a matter of law”).

. The Persons also assign as errors the failure of the trial judge to require production of complete insurance policies as well as the inclusion of Encompass in the relief granted. Because the evidentiary insufficiency of the supplemental materials is dispositive, we pre-termit any analysis or decision on the remaining assignments.