EDWIN A. LOMBARD, Judge.
h The defendant, Andrea Nelson, appeals the trial court’s judgment granting a motion for summary judgment in favor of the plaintiff, Discover Bank. For the reasons set forth below, we affirm.
Relevant Facts and Procedural History
On April 9, 2010, Discover Bank filed suit in First City Court for the City of New Orleans against Ms. Nelson, seeking to recover funds allegedly due on Ms. Nelson’s credit card account. Discover Bank was attempting to recover the sum of “$6,333.61, together with additional interest of 18% from December 31, 2009, and attorney’s fees in the amount of 25% of the total of both principal and interest, and all costs of these proceedings.” Discover Bank alleged that, as a condition of opening the account, Ms. Nelson agreed to pay reasonable attorney’s fees and interest associated with collecting payments as a result of default. The petition also asserted that the balance had not been paid despite amicable demand on February 10, 2010. On December 21, 2010, Ms. Nelson filed an Answer and Request for Notice, consisting of a general denial and raising the issue of prescription as an affirmative defense.
|2On April 25, 2011, Discover Bank filed a motion for summary judgment and supporting documents asserting it was entitled to recover these same amounts. The trial court heard the matter on June 16, 2011, and granted summary judgment the same day in favor of Discover Bank. The defendant appeals this judgment.

Standard of Review

Summary judgment is proper “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” La.Code Civ. Proc. art. 966(B). The initial burden of producing evidence at the hearing on the motion for summary judgment is on the mover, who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential *82 element in the opponent’s case. Schultz v. Guoth, 10-0343, p. 4 (La.1/19/11), 57 So.3d 1002, 1006; citing Samaha v. Rau, 07-1726, p. 4 (La.2/26/08), 977 So.2d 880, 883. “At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates that he or she will be able to meet the burden at trial.... Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of material factual dispute mandates the granting of the motion.” Id.; (citations omitted).
“A summary judgment is reviewed on appeal de novo, with the appellate court using the same criteria that govern the trial court’s determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law.” Samaha v. Rau, 07-1726, pp. 3-4, 977 So.2d at 882-83.
¡oDiscussion
In its motion for summary judgment, Discover Bank asserts that there is no genuine issue of material fact concerning Discover Bank’s entitlement to recover the balance due on Ms. Nelson’s account, and, therefore summary judgment should be granted in its favor. In support, Discover Bank submits the following evidence without opposition: (1) a demand letter dated February 10, 2010; (2) an unsigned credit card agreement; (3) a statement of account; (4) a “Supplemental Affidavit of Correctness of Account,” signed by an employee of the attorney representing Discover Bank; and (5) an affidavit by Discover Bank’s servicing agent’s account manager. These documents establish that Ms. Nelson incurred a debt which she never paid.
In opposition to the motion for summary judgment, Ms. Nelson does not contest that she incurred the debt, but contends that because Discover Bank sent her a notice that the account had been charged off, her obligation to repay her debt was extinguished. In support of her position, Ms. Nelson files an account statement entitled “Discover Open Road Card Account Summary.” Ms. Nelson alleges that this document indicates that Discover Bank credited her with $6,333.61 on January 26, 2010 and marked it as “Internal Charge-Off’ with a “New Balance of $0.00.” Ms. Nelson contends that this document creates a genuine issue of material fact which precludes summary judgment. We disagree.
Although Ms. Nelson argues that the document is sufficient to demonstrate that she would meet her burden at trial, the document, in fact, shows only that the amount of $6,333.61 was internally charged off. In researching the term “internal |4charge-off,” we find no directly related jurisprudence, but the term “internal,” [1] is generally defined as “of, relating to, or occurring on the inside of an organized structure (as a club, company or state),” and the general definition for the term “charge-off’[2] is “[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt (a debt that is uncollectable and may be deductible for tax purposes).” Thus, an internal charge-off is only a corporate accounting mechanism and does not extinguish a debt. Therefore, Ms. Nelson’s submission of this document does not create a genuine issue of material fact.
*83 Conclusion
Upon de novo review, we find no genuine issue of material fact exists as to whether Ms. Nelson is indebted to Discover Bank in the amount of $6,333.61. Accordingly, we affirm the judgment of the trial court.
AFFIRMED
BONIN, J., dissents with reasons.

. "internal.” Merriam-Webster Online Dictionary, 2011. http://www/merriam-webster.com (29 January 2011).

. Black's Law Dictionary (9th ed.2009).