MADELEINE M. LANDRIEU, Judge.
I ¡The appellant, Carter F. Johnson, appeals the First City Court judgment granting a motion for summary judgment in favor of the appellee, Portfolio Recovery Associates L.L.C. (“Portfolio”). For the reasons below, we affirm the judgment of First City Court.
Statement of the Case
On February 2, 2010, Portfolio filed a “Petition in Suit on Open Account” against Mr. Johnson. The petition alleged that Mr. Johnson breached an agreement with Capital One Bank, N.A. MasterCard, for his failure to make monthly payments on a credit card obtained by Mr. Johnson through Capital One Bank. Portfolio sued as the assignee of the account and prayed for “$2,419.49 plus legal interest from date of judicial demand, a minimum of 25% attorney’s fees on the aggregate of principal and interest, for all costs of this suit and for all general and equitable relief.”
Mr. Johnson answered the petition on April 29, 2010. On August 9, 2010, Portfolio filed a Motion for Summary Judgment and a Memorandum in support of |2its motion. After various continuances of hearing dates, on February 24, 2012, Mr. Johnson amended his Answer by adding the affirmative defense that the debt “has been discharged and, as such, has been extinguished.” On March 29, 2012, Mr. Johnson opposed Portfolio’s Motion for Summary Judgment and supported his opposition with a memorandum.
The matter was heard in First City Court on May 8, 2012. On June 8, 2012, summary judgment was rendered in favor of Portfolio. Mr. Johnson suspensively appeals that judgment.
Assignments of Error
Mr. Johnson offers four lengthy assignments of error for this Court’s review. We find the only issue for this Court’s *501 review is whether the trial court erred in granting summary judgment in favor of Portfolio [1]
Standard of Review
Favored in Louisiana, the summary judgment procedure “is designed to secure the just, speedy, and inexpensive determination of every action” and “shall be construed to accomplish these ends.” La. C.C.P. art. 966(A)(2). An appellate court reviews a district court’s decision granting summary judgment de novo, using the same standard applied by the trial court in deciding the motion for summary judgment. Under this standard, summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact | sand that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)7; Lingoni v. Hibernia Nat. Bank, 09-737, p. 4 (LaApp. 4 Cir. 3/3/10), 33 So.3d 372, 376 (citations omitted).
If the court finds that a genuine issue of material fact exists, then summary judgment must be rejected. Doe v. ABC Corp., 04-1806, p. 6 (LaApp. 4 Cir. 1/24/07), 951 So.2d 452, 457 (citation omitted). The mover for summary judgment must make a prima facie showing of each fact necessary to prove his case; if a prima facie case is made, the burden shifts to the opposing party to raise genuine issues of material fact to preclude the granting of summary judgment. La. C.C.P. art. 966(B); U.S. Risk Mgrnt., L.L.C. v. Day, 11-533, p. 5 (LaApp. 4 Cir. 9/28/11), 73 So.3d 1100, 1103. Appellate courts review the grant or denial of summary judgment de novo. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, p. 7 (La.2/29/00), 755 So.2d 226, 230. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. Art. 966(B)[2].
Discussion
In his amended answer, Mr. Johnson rebutted Portfolio’s suit on open account by pleading the affirmative defense that the “alleged debt had been discharged and extinguished.” In opposition to Portfolio’s motion for summary judgment, Mr. Johnson provided the district court with (1) a copy of his credit |4report indicating the debt had been “charged off’; and (2) an article from the Wall Street Journal entitled “U.S. Gets Tougher on Debt Collecting”.
The record reveals that attached to Portfolio’s motion for summary judgment is (1) an Affidavit of Assessment signed by a Capital One authorized agent; (2) a Statement of Account bearing the name “Johnson, Carter, F” indicating the date the account in question was opened and a charge off balance in the amount of $2406.73; (3) a letter dated December 14, *502 2009, addressed to Mr. Johnson from the law firm of Couch, Stillman, Blitt & Con-vide indicating that the firm was representing Portfolio in an attempt to collect a debt owed by Mr. Johnson.
La. C.C. P art 966(B) lists the documents that may be considered by the trial court in deciding a motion for summary judgment as pleadings, depositions, answers to interrogatories, admissions, and affidavits. In Williams v. Memorial Medical Center, 2003-1806 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053, this Court further addressed the issue of what form documents must take in order to be appropriate for consideration on summary judgment:
In meeting the burden of proof, unverified documents, such as letters or reports, annexed to motions for summary judgment are not self-proving and therefore will not be considered; “merely stapling them to a motion for summary judgment” does not “magically” transform such documents into competent summary judgment evidence. Schully v. Hughes, 2000-2605, p. 5 (La.App. 4 Cir. 6/5/02), 820 So.2d 1219,1222. However, expert opinion testimony in the form of either an affidavit or deposition may be considered in support of a motion for summary judgment. Johnson v. State of Louisiana/University Hosp., 2001-1972, p. 3 (La.App. 4 Cir. 1/16/02), 807 So.2d 367, 369 (citation omitted).
Therefore, upon de novo review of this matter, we consider the evidence presented to the trial court, the admissibility of such evidence, and whether, after such evidence is studied, a genuine issue of material fact remains.
^Considering the documents offered by the parties in support of and in opposition to summary judgment, only the Affidavit of Assessment signed by a Capital One authorized agent submitted by Portfolio may be considered in deciding the motion under La. C.C.P. Art. 966(B).[3] Mr. Johnson failed to offer any documents acceptable under La. C.C.P. 966(B) to counter Portfolio’s affidavit. Therefore, Portfolio was successful in proving to the trial court that there was an absence of factual support for Mr. Johnson’s defense, and we find the same on appeal.
Moreover, the legal theory Mr. Johnson argued in support of his affirmative defense, that the debt was extinguished once Capital One charged it off, is incorrect. Mr. Johnson contends that the debt being charged off by Capital One released his obligation to pay. Portfolio counterargues that an internal charge-off is not a remission of debt but simply an internal accounting procedure. Portfolio relies on this Court’s decision in Discover Bank v. Andrea Nelson, 2011-1284 (La. 4 CirApp. 2/29/12), 86 So.3d 80.
In Discover Bank, the defendant, Andrea Nelson, opposed Discover Bank’s motion for summary judgment by arguing that Discover Bank had charged off her obligation to pay a $6,333.61 debt. In support of her opposition, Ms. Nelson submitted an account statement from Discover Bank that designated the debt as an “Internal Charge-Off.” Ms. Nelson argued that the account statement was evidence enough to meet her burden under summary judgment. This Court, however, disagreed, stating:
In researching the term “internal charge-off,” we find no directly related jurisprudence, but the term “internal,” is | figenerally defined as “of, relating to, or occurring on the inside of an organized structure (as a club, company or state),” and the general definition for *503 the term “charge-off’ is,“[t]o treat (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt (a debt that is uncollectable and may be deductible for tax purposes).” Thus, an internal charge-off is only a corporate accounting mechanism and does not extinguish a debt. Therefore, Ms. Nelson’s submission of this document does not create a genuine issue of material fact.
Id. at 82.
Here the district court expressly relied upon the holding in Discover Bank in granting the summary judgment. We agree that the facts here are so similar to those in Discover Bank that our prior decision controls. We also note that Mr. Johnson argues that Discover Bank is distinguishable to the case at bar, but fails to offer an argument as to why[4].
Decree
For the reasons stated herein, we affirm the judgment of the district court granting summary judgment in favor of Portfolio.
AFFIRMED

. Mr. Johnson offers the following four assignments of error (1) The trial court erred in its interpretation of the words "charge-off” used in the factual situation of this case; (2) The trial court, in reaching its judgment, erroneously relied on its finding of fact that "there was no remission of a debt on the part of Portfolio Recovery Associates in favor of Carter F. Johnson”; (3) The trial court erroneously failed to hold that the actions of the original creditor constituted under Louisiana law an express or tacit remission of the defendant’s debt; and (4) The trial court erroneously relied on the holding of this court , in the case, Discover Bank vs. Nelson, infra, despite several distinguishing facts.

. This article was amended effective January 1, 2012; however, the amendment is inapplicable here.

. The record is devoid of any testimony or argument that there were documents properly offered by either party and accepted into evidence by the trial court.

. We find no merit to Mr. Johnson’s other two arguments: (1) that Section 166(a)(1) of the Internal Revenue Code of 1986 suggests that since Capital One, as the original creditor, fully deducts the debt for income tax purposes, that debt should become "wholly worthless,” and, therefore, Capital One is es-topped from collecting on the debt; and (2) that the debt in question was "tacitly” extinguished.