MURPHY, J.
11 Plaintiffs,' Deianca Henry, wife of/and Glen Henry, individually and on behalf of their minor children, Dajaene Jones and Adeja Henry, have appealed the trial court’s grant of summary judgment in fa *302 vor of defendants,- Kyle Weishaupt and Wayne State University. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
This medical malpractice lawsuit stems from a tragic series of events that left Deianca Henry paralyzed. In September of 2011, Ms. Henry entered Ochsner Medical Center (“Ochsner”) to undergo elective spinal surgery to address her congenital scoliosis and kyphosis. The surgery involved fusion of her spine frorn the second thoracic vertebra to the fourth lumbar vertebra and the placement of various types of hardware into her spine. Following a difficult post-operative course, she was transferred to an in-patient rehabilitation facility at Ochsner. While at this facility, she attended daily physical therapy and occupational therapy. On October 13, 2011, she developed pain and weakness in her legs. On October 14, 2011, Ms. Henry was transferred to the emergency department of Ochsner for evaluation of the increasing weakness and numbness in her legs. Diagnostic testing-revealed that Ms. Henry had compression of. her spinal cord. By the time Ms. Henry was taken to surgery to address the spinal cord compression, she was unable to move.her legs and had lost bowel and bladder control. Following surgery, Ms. Henry did not regain use of her legs or control of her bowel .or bladder.
In October 2012, plaintiffs filed suit against Ochsner, its employee, supervising physical therapist, Miranda Romero McGoffin, and Kyle Weishaupt, (“Weish-aupt”), a physical therapy student performing a clinical rotation at |2Ochsner. The petition alleged that “[o]n or about October 14, 2011, Defendant Kyle Weish-aupt, while acting within the course and scope of his employment by Defendant Ochsner, and then in the presence of his superior, Defendant Miranda Leah Romero McGoffin, also then, acting within the course and scope of her employment by Defendant Ochsner, improperly and unskillfully executed a manual wheelchair transfer technique to move Deianca Jones Henry from her wheelchair to an exercise mat.” The petition alleges that due to Kyle Weishaupt’s negligence, Ms. Henry sustained “severe spinal injuries which were the sole, proximate and direct cause of her damages.” On October 15, 2012, plaintiffs filed a First Supplemental and Amending Petition naming Wayne State University (“Wayne State”) as an additional defendant. This petition alleged that at the time of this incident, Weishaupt was a student at Wayne State, which had “failed to competently, adequately or reasonably train and/or educate” Weishaupt, and as such was “independently and/or vicariously' liable” for plaintiffs’ damages.
On January 13, 2016, the trial court approved a settlement between Ochsner and plaintiffs pursuant to La. R.S. 40:1299.44(0), with a reservation of rights against the Louisiana Compensation Fund. This judgment also reserved plaintiffs’ rights against Weishaupt and any entity “other than any Ochsner .entity for any vicarious liability for the acts, omissions or liability of any other party.”
On August 5, 2016, Weishaupt and Wayne State filed a Motion for Summary Judgment stating that plaintiffs “failed to produce any expert testimony stating that Kyle Weishaupt deviated from the standard of care” and as such plaintiff would not be able to meet their evidentiary burden at trial. These defendants further argued that the facts do not support plaintiffs’ allegations, that there was no genuine issue of material fact, and that they were entitled to judgment as a matter of law.
LOn October 9, 2016, plaintiffs filed an opposition to the motion for summary judgment, attaching several exhibits including the deposition of Weishaupt, the *303 Petition for Damages, two sets of plaintiffs’ answers to interrogatories, and supplemental discovery responses “submitted on September 7, 2016 which corrected the date of the alleged incident to October 12, 2011.”[1]
At the conclusion of the hearing on the motion, the trial judge orally granted the motion for summary judgment. On October 24, 2016, the trial judge rendered a written judgment, granting summary judgment in favor of Weishaupt and Wayne State, and dismissing plaintiffs’ claims. This timely appeal followed.
LAW AND DISCUSSION
On appeal, plaintiffs argue that the trial court erred in refusing to deny the motion for summary judgment as premature, that plaintiffs did offer evidence as to the standard of care, and that' plaintiffs offered evidence that Weishaupt breached the standard of care on October 12, 2011.
The motion for summary judgment is a procedural device used when there is no genuine issue of material fact for trial. Schultz v. Guoth, 10-0343 (La. 1/19/11), 57 So.3d 1002, 1005. The procedure is favored and shall be construed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art. 966(A)(2). The motion shall be granted when the memorandum and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof is on the party moving for summary judgment. La. C.C.P. art. 966(D)(1). However, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover is not required to negate all essential, elements of the adverse party’s claim, action or defense, but Prather to point out to the court that there is an absence of factual support for one or more such essential elements. Id. The burden then shifts to the adverse party to produce factual support sufficient to establish a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. Id. A de novo standard of review is required when an appellate court considers rulings on summary judgment motions, using the .same criteria that governs the district court’s determination of whether summary judgment is appropriate, i.e., whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. Bank of New York Mellon v. Smith, 15-0530 (La. 10/14/15), 180 So.3d 1238, 1243.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light' of the substantive law applicable to the case. Cason v. Saniford, 13-1825 (La.App. 1 Cir. 6/6/14), 148 So.3d 8, 11, writ denied, 14-1431 (La. 10/24/14), 151 So.3d 602.
 In a medical malpractice action, a plaintiff must establish by a preponderance of the evidence the applicable standard of care, a violation of that standard of care, and a causal connection between, .the alleged negligence and the injuries sustained by the plaintiff. Pfiffner v. Correa, 94-0924 (La. 10/17/94), 643 So.2d 1228, 1233. Generally, expert testimony is required to establish the applicable standard of care and whether that standard was breached, except where the negligence is so obvious that a layperson can infer negligence without the guidance of expert testi- *304 raony. Samaha v. Rau, 07-1726 (La. 2/26/08), 977 So.2d 880, 884. Additionally, except for cases where the causal connection between a defendant’s fault and the injury alleged is obvious, expert medical testimony is also necessary to establish causation. Jackson v. Suazo-Vasquez, 12-1377 (La.App. 1 Cir. 4/26/13), 116 So.3d 773, 776. Generally, in cases involving a patient with a complicated medical history and complex medical conditions, causation is simply | abeyond the domain of lay persons to determine without the assistance of expert medical testimony. Id.
In the motion for summary'judgment, defendants simply stated that plaintiffs “failed to produce any expert testimony stating that Kyle Weishaupt deviated from the standard of care” and would not be able to meet their evidentiary burden at trial. They also stated that the facts do not support plaintiffs’ allegations. Defendants point out that the petition alleges that an incident occurred on October 14, 2011 during the transfer of Ms. Henry by Weish-aupt. However, in his deposition, Weish-aupt testified that he was present when Ms. Henry attended physical therapy on October 12, 2011 and that the next time he was present when Ms. Henry attended physical therapy was on November 2, 2011. Defendants further argued that Weishaupt was not responsible for Ms. Henry’s care; rather, Ms. McGoffin, the physical therapist supervising Weishaupt, was responsible for Ms. Henry’s care. Finally, defendants argued that plaintiffs had not produced any evidence to support their contention that Wayne State failed to competently, adequately, or reasonably train and/or educate Weishaupt.
In the opposition to the motion for summary judgment, plaintiffs point out that the petition and answers to interrogatories state that the date of the incident was “on or about October 14, 2011.” Plaintiffs argue that they never unequivocally stated that the incident occurred on October 14, 2011. Plaintiffs contend that defendants were well aware that the date of the transfer incident was October 12, 2011 as evidenced by medical records, which defendants were in possession of, as well as the expert report of Dr. Hiren Shah, which had previously been provided to defendants.
Plaintiffs argued that the stipulation of liability by Ochsner does not relieve Weishaupt of liability. Plaintiffs contend that Weishaupt was the individual who actually transferred Ms. Henry on the date she was injured, and thus is a joint | (¡tortfeasor. Plaintiffs further argued that Wayne State is at fault for the “negligent handling” of Ms. Henry by its student, Weishaupt, and by failing to properly train and instruct him.
In support of the opposition to the motion for summary judgment, plaintiffs attached the petition and two sets of answers to interrogatories. In the answers to interrogatories propounded by Weishaupt, plaintiffs stated:
Mr. Weishaupt transferred Plaintiff from her wheelchair to the exercise table. While performing this transfer, Mr. Weishaupt grabbed Plaintiff, held Plaintiff, and applied excessive force to Plaintiffs spine and spinal area. Mr. Weish-aupt used sheer force to hold and move Plaintiff instead of using proper technique and equipment. Due to Plaintiff’s known and very recent history of spine surgery, Mr. Weishaupt should have utilized a sliding board or other equipment commonly employed to transfer high risk physical therapy patients to transfer Plaintiff from her wheelchair to the exercise table. During the transfer performed by Mr. Weishaupt, Plaintiff sustained the injuries which caused her paraplegia. The transfer occurred at *305 Ochsner Health Center-Elmwood in Harahan, LA on or about October 14, 2011.
In addition, plaintiffs attached the supplemental answers to interrogatories in which they stated that the date of the transfer incident alleged in the petition was October 12, 2011.
In response to an interrogatory from Wayne State asking plaintiffs to describe the allegations and evidence to support the allegations that Wayne State breached the applicable standard of care, plaintiff responded: “Please see Petition for Damages and as well as attached expert reports of Hiren M. Shah and Dr. Lukas Zebala.” Although the report of Dr. Shah was attached to plaintiffs’ opposition to the motion, it was not accompanied by a verification or affidavit.[2] We note that the report of Dr. Shah does not mention Weish-aupt or Wayne State. The report of Dr. Zebala was not attached to the opposition contained in the designated appellate record.
|7In their first assignment of error, plaintiffs argue that the trial court erred in refusing to deny defendants’ motion for summary judgment as premature. Plaintiffs point out that defendants’ motion for summary judgment was filed on August 5, 2016, the opposition was filed on October 3, 2016, and the matter was heard on October 19, 2016. The deadline set by the trial court for the exchange of expert reports was October 31, 2016. As such, plaintiffs argue that this matter was not ripe for summary judgment.
A defendant’s motion for summary judgment may be filed at any time. La. C.C.P. art. 966(A)(1). This article further provides that “[ajfter an opportunity for adequate discovery, a summaiy judgment shall be granted” if the motion shows there is no genuine issue of material fact and mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). There is no indication in the designated appellate record that plaintiffs requested an extension of the hearing date for the summary judgment motion or that plaintiffs did not have an opportunity for adequate discovery.
The Louisiana Supreme Court has held that “[tjhere is no requirement that defendant wait until all discovery deadlines have passed before filing a motion for summary judgment.” MB Indus., LLC v. CNA Ins. Co., 11-0303 (La. 10/25/11), 74 So.3d 1173, 1184. Rather, after defendant files a motion for summary judgment, the plaintiff must present satisfactory factual support to prove every crucial element of his claim. Id.
Plaintiffs urge this Court to rely on Dupree v. La. Med. Mut. Ins. Co., 11-366 (La.App. 3 Cir. 10/5/11), 74 So.3d 880, in which the Third Circuit found the trial court abused its discretion in granting summary judgment against the plaintiffs, who relied on the court’s scheduling order for exchange of expert reports and did not produce an expert report in opposition to the motion for summary judgment. At the hearing in Dupree, the plaintiffs’ counsel’s request for a ten-day |sextension to produce an expert affidavit to oppose the motion was denied. Id. at 882. The plaintiffs then filed a timely motion for new trial and attached as an exhibit an affidavit from a board certified physician whose credentials as an expert were undisputed. Id. The trial court denied the motion for new trial. In reversing the trial court, the appellate court found that the trial court abused its *306 discretion both in failing to allow the requested extension to submit the expert report, and again in failing to grant the motion for-new trial based on the expert report. Id. at 883. The Court went on to state: “Our findings are based on the specific, facts of this case. We by no means intend to condone or legitimize the actions of plaintiffs’ counsel in failing to timely file an expert affidavit.” Id.
In the instant case, plaintiffs did not ask for an extension to submit an expert report, nor did plaintiffs file a motion for new trial accompanied by an expert report. Further, in Dupree, the appellate court noted that “the time line in the case shows a very fast-moving litigation.” Id. In the present matter, the motion for summary judgment was heard over four years after the petition for damages was filed. The facts of the instant case do not show any error by the trial court in granting defendants’ motion for summary judgment prior to the date that was set by the court for exchange of expert reports.
s Plaintiffs next contend that defendants did not argue that plaintiffs had no evidence to show that Weishaupt breached the standard of care in its motion for summary judgment; rather the issue regarding lack of evidence was not raised until defendants filed a reply to plaintiffs’ opposition to the motion for summary judgment. While we acknowledge that the memoranda in support of defendants’ motion for summary judgment does not argue lack of evidence, a plain- reading of the motion itself, which states plaintiffs “have failed to provide any expert testimony in support of their medical malpractice claim,” indicates that defendants did contend that plaintiffs lacked evidentiary support.
| {Plaintiffs further argue that defendants had no evidence to submit to the court asserting that the standard of care had been met. Plaintiffs are misdirected. Defendants were not required to present evidence that they did not cause any of Ms. Henry’s injuries or damages. The long-standing rule of law is that as the party not bearing the burden of proof at trial, defendants- in this case were only required to point out an absence of factual support for an element of plaintiffs’ claim. Rogers v. Hilltop Ret. & Rehab. Ctr., 13-867 (La.App. 3 Cir. 2/12/14), 153 So.3d 1053, 1060.
In their second and third assignments of error, plaintiffs argue that the trial court erred in dismissing the case because plaintiffs did offer evidence that Weishaupt breached the standard of care.
Plaintiffs contend that Weish-aupt “should have utilized a.sliding board or other equipment commonly employed to transfer high risk physical therapy patients to transfer Plaintiff from her wheelchair to the exercise table.” They claim that the improper transfer by Weishaupt caused Ms. Henry to become paralyzed. The record before us indicates that plaintiffs failed to provide evidentiary support for these allegations to show that plaintiffs will be able to carry their evidentiary burden of proof at trial. At the hearing on the motion, counsel for plaintiffs Stated: “Plaintiffs have an expert report that states Kyle Weishaupt breached the standard of care, but no, it is not attached to this, and it was never meant to be because discovery is not complete, and the expert deadline has not passed.” In addition, the record is completely void of any evidence to support the allegation that Wayne State “failed to competently, adequately -or reasonably train and/or educate” Weishaupt. The' failure' of- the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Jones v. Estate of Santiago, 03-1424 (La. 4/14/04), 870 So.2d 1002, 1006. Given the *307 lack of evidentiary | ^support for the allegations made in plaintiffs’ petition, there is no genuine issue of material fact and defendants are entitled to judgment as a matter of law.
CONCLUSION
For the foregoing reasons, the October 24, 2016 judgment granting summary judgment in favor of defendants Kyle Weishaupt and Wayne State University, dismissing plaintiffs’ claims with prejudice, is affirmed.
AFFIRMED

. Plaintiffs’ opposition also included an expert report by Dr. Hiren Shah, At the hearing on the motion, plaintiffs stated that the report was not accompanied by a supporting affidavit and that this report does not mention Weishaupt,

. According to La. C.C.P. art. 966(A)(4) "the only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations and admissions,"