NICOLE R. JACKSON

VERSUS

B.A.L. & ASSOCIATES, LLC AND
R. JOSEPH TAMIMIE, M.D.

NO. 22-C-199

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 788-403, DIVISION "H"
HONORABLE DONALD L. FORET, JUDGE PRESIDING

September 21, 2022

**JOHN J. MOLAISON, JR.**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Stephen J. Windhorst, and John J. Molaison, Jr.

**REVERSED**
    **JJM**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
NICOLE R. JACKSON
    Pamela W. Carter
    Francine M. Giugno
    Linda Estelle Gonzales
    Atticus Hanrahan

COUNSEL FOR DEFENDANT/RELATOR,
B.A.L. & ASSOCIATES, LLC
    Carl E. Hellmers, III
    Stephanie D. O'Brien

COUNSEL FOR DEFENDANT/RESPONDENT,
DR. R. JOSEPH TAMIMIE
    Christy M. Howley

COUNSEL FOR DEFENDANT/RESPONDENT,
LANDMARK AMERICAN INSURANCE COMPANY
    George D. Fagan
    Adam D. Whitworth
    Reagan R. Wilty

**MOLAISON, J.**

The appellant, B.A.L. & Associates, seeks review of the trial court's denial of its motion for summary judgment. For the following reasons, we reverse.

## PROCEDURAL HISTORY

The appellee, Nicole Jackson, filed the lawsuit below which alleges that appellant, B.A.L. & Associates (B.A.L.), improperly tested and communicated the results of a positive drug screen, which ultimately led to her termination of employment by Hiller Company.  B.A.L. filed a motion for summary judgment, which was denied following a hearing on March 29, 2022. At issue in the instant application is whether the trial court erred in determining that there was a genuine issue of material fact regarding whether B.A.L. committed any acts of negligence under the facts presented.

## LAW AND ANALYSIS

Appellate courts review the granting or denying of a summary judgment *de novo*, using the same criteria applied by the trial courts to determine whether summary judgment is appropriate.  *Davis v. Scottsdale Ins. Co*., 13-255 (La. App. 5 Cir. 10/30/13), 128 So.3d 471, 475, *writ denied*, 13-2818 (La. 2/14/14), 132 So.3d 967.  Summary judgment is appropriate where there are no genuine issues of material fact and the mover is entitled to judgment as a matter of law.  La. C.C.P. art. 966(B)(2).

### *Our holding in 22-C-179*

As can be seen in the attached opinion, which we also incorporate by reference, we reversed the trial court's denial of a summary judgment motion for B.A.L.'s medical review officer ("MRO"), Dr. Tamimie. For the reasons assigned therein, we found no wrongdoing or breach of relevant standards as applied to Dr. Tamimie in the performance of his work for B.A.L. in the instant case. Specifically, we found that Dr. Tamimie did not violate any law pertaining to the

attempted communication with Ms. Jackson for the purpose of allowing her to explain the presence of amphetamines in her drug test. Nor did we find that Dr. Tamimie was negligent in certifying the results of Ms. Jackson's test after she did not respond to his office. By extension, we found that no part of Dr. Tamimie's work for B.A.L. created any basis for a claim of negligence for Ms. Jackson.[1]

*Additional claims against B.A.L.*

In her petition for damages, Ms. Jackson alleged several additional claims against B.A.L. which, in summary, assert that B.A.L. was negligent in the collection and testing of her urine sample, as well as the certification and communication of the result to Ms. Jackson's employer, Hiller Company.

The undisputed facts do not support Ms. Jackson's claims against B.A.L. with respect to her collection and testing claims. The record itself, specifically Ms. Jackson's own deposition testimony, shows that Ms. Jackson had the expectation that the result of her urine test would be positive for amphetamines, for which she claimed she had a prescription.[2] Prior to the test, Ms. Jackson did not provide evidence of a current prescription to Hiller.[3] Ms. Jackson consented in writing to the collection of the urine specimen and to the testing of the specimen. Ms.

---

[1] We note that the same exhibits we relied upon in 21-C-179 in determining no negligence on the part of Dr. Tamimie are also included separately in B.A.L.'s writ application as well.

[2] Accordingly, the scientific "accuracy" of the test result itself is not at issue. Rather, Ms. Jackson claims that the inaccuracy in the reporting of the test result comes from the non-inclusion of her updated prescription information.

[3] At the time of the drug test, Ms. Jackson claims to have had a valid prescription for Adderall, which is an amphetamine. We note that section 5.4 of Hiller's "Substance Abuse Program Policy Manual," identified as Exhibit 5 in Ms. Jackson's opposition to the motion for summary judgment provides:

> A confirmed positive result may be caused by prescribed medications. Notify your supervisor of medications you have recently taken that may affect your drug test. In case of a confirmed negative
> result, the employee will be reimbursed for the expense of confirmation.

While there is evidence in the record that Ms. Jackson followed this exact procedure for a prior 2015 drug test, it is not clear whether Ms. Jackson availed herself of this remedy with Hiller after her most recent test was returned as positive. In any event, Hiller's compliance with its own policy can in no way be attributed to B.A.L.

Jackson also gave express permission for B.A.L. to communicate the result of the test to her employer. B.A.L. only served as the collector of the specimen; Quest Diagnostics performed the actual testing of it. The positive test was reviewed by Dr. Tamimie, who attempted to contact Ms. Jackson on three separate occasions in order to allow her to provide an explanation for the presence of amphetamines in her urine sample. These attempts were documented in a call log. When Dr. Tamimie was unsuccessful in contacting Ms. Jackson, he certified Quest Diagnostics' positive result, and forwarded it to B.A.L. along with the call log for Ms. Jackson. As per the consent provided by Ms. Jackson, the positive result, which Ms. Jackson fully expected, was then confirmed to her employer.

In support of B.A.L.'s motion for summary judgment, B.A.L. included an expert report dated December 14, 2021, and an accompanying affidavit from Dr. Brian M. Bourgeois,[4] giving his opinion that the testing and reporting of Ms. Jackson's sample complied with all applicable regulations. Conversely, Ms. Jackson has produced no countervailing affidavits or evidence which creates a genuine issue of material fact as to whether B.A.L. was negligent in the performance of its duties and relies solely on the allegations in her pleadings. Without more, Ms. Jackson's allegations and arguments are insufficient to create a genuine issue of material fact, which would defeat B.A.L.'s motion for summary judgment. *See, Johnson v. State of Louisiana/Univ. Hosp.*, 01-1972 (La. App. 4 Cir. 1/16/02), 807 So.2d 367, 372; *see also, Hayne v. Woodridge Condominiums, Inc.*, 06-923 (La. App. 5 Cir. 4/11/07), 957 So. 2d 804, 809.

Ms. Jackson also argues that there are genuine issues of material fact as to whether B.A.L. had undertaken an additional duty in assisting Dr. Tamimie to contact her prior to certifying the positive results of her drug test. As discussed in

---

[4] Dr. Bourgeois indicated in his affidavit and curriculum *vitae* that he, himself, was familiar with the applicable testing procedure both as a MRO and as the owner of his own drug-testing company.

writ 22-C-179, the basis for this claim is a letter from B.A.L. to Dr. Tamimie dated October 13, 2017, which states, in its entirety:

> Please perform a Medical Review on the results of a Reasonable cause drug test for <u>Nicole Jackson</u> an employee of <u>Hebert Hiller</u>. Client provided telephone number 504-274-6662. If you cannot make contact, please advise and the company will facilitate.

[Emphasis as in the original.] In reviewing Dr. Tamimie's appeal, we determined that he did, in fact, communicate his inability to speak to Ms. Jackson to B.A.L. by submitting the call log along with his certification of Ms. Jackson's positive drug test result.

Ms. Jackson has not demonstrated that B.A.L. violated any applicable provision of law with respect to the communication of her 2017 positive drug test results to Hiller. She also has not shown a breach of contract by B.A.L. of any obligations it may have had to Hiller with regard to the communication of Ms. Jackson's results. Ms. Jackson has not shown a deviation from the common practice of how B.A.L. and Hiller handled the issue of an inability to communicate with Hiller's employees regarding drug tests. Finally, Ms. Jackson has not proven that B.A.L. did, in fact, fail to communicate with Hiller about Ms. Jackson as appears to be alluded to in the October 13, 2017 letter from B.A.L. to Dr. Tamimie. Conversely, B.A.L. introduced the uncontradicted expert report of Dr. Bourgeois, which concluded that neither B.A.L. nor Dr. Tamimie were required to take additional steps to contact Hiller beyond the steps they had taken.

## CONCLUSION

The failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of a motion for summary judgment. *Jones v. Estate of Santiago*, 03-1424 (La. 4/14/04), 870 So.2d 1002, 1006. Given the lack of evidentiary support for the allegations made in Ms. Jackson's petition, after a *de novo* review of the record, we find there is no genuine issue of material fact and

B.A.L. is entitled to judgment as a matter of law. *See, Henry v. Weishaupt*, 17-26 (La. App. 5 Cir. 5/31/17), 221 So. 3d 299, 306-07, *writ denied*, 17-1066 (La. 10/9/17), 228 So.3d 746. Accordingly, we reverse the trial court's ruling, grant summary judgment in B.A.L.'s favor, and dismiss with prejudice Ms. Jackson's claims against B.A.L.

**<u>REVERSED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
INTERIM CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**SEPTEMBER 21, 2022** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-199**

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
LINDA ESTELLE GONZALES (RESPONDENT)          PAMELA W. CARTER (RESPONDENT)          STEPHANIE D. O'BRIEN (RELATOR)
CHRISTY M. HOWLEY (RESPONDENT)               ADAM D. WHITWORTH (RESPONDENT)         GEORGE D. FAGAN (RESPONDENT)
REAGAN R. WILTY (RESPONDENT)

**MAILED**
CARL E. HELLMERS, III (RELATOR)          ATTICUS HANRAHAN (RESPONDENT)          FRANCINE M. GIUGNO (RESPONDENT)
ATTORNEY AT LAW                          ATTORNEYS AT LAW                       ATTORNEYS AT LAW
1100 POYDRAS STREET                      9217 JEFFERSON HIGHWAY                 9217 JEFFERSON HIGHWAY
SUITE 3700                               NEW ORLEANS, LA 70123                  RIVER RIDGE, LA 70123
NEW ORLEANS, LA 70163